JESS H. DICKINSON, PRESIDING JUSTICE
FOR THE COURT
This matter comes before the En Banc Court on Richard Gerald Jordan’s Successive Petition for Post-Conviction Relief. Jordan claims the State’s intent to use midazolam in its lethal injection protocol violates Mississippi Code Section 99-19-51. He also claims executing an inmate more than forty years after he was first sentenced to death would violate the United States and Mississippi Constitutions.

Claim I

When Jordan filed his petition, Mississippi Code Section 99-19-51(1) provided that “[t]he manner of inflicting the punishment of death shall be by continuous intravenous administration of a lethal quantity of an ultra short-acting barbiturate or other similar drug in combination with a chemical paralytic agent .... ” Jordan claimed the State could not use mi-dazolam because it was not an “ultra short-acting barbiturate or other similar drag.” But on April 5, 2017, Mississippi Code Section 99-19-51(1) was amended to state “[t]he manner of inflicting the punishment of death shall be by the sequential intravenous administration of a lethal quantity of the following combination of substances: (a) an appropriate anesthetic or sedative; (b) a chemical paralytic agent; and (c) potassium chloride, or other similarly effective substance. ...”
Ordinarily, this Court will not dispose of a case on grounds which the parties have not been afforded an opportunity to brief. Here we do so because Jordan claims that the use of midazolam violates a provision of Section 99-19-51 that now has been amended. Because we find Jordan’s claim *1253 to be moot, we decline to address whether midazolam is or is not a permissible drug under the-current statute.

Claim II

Jordan also argues that both the United States and Mississippi Constitutions prohibit the State from executing an inmate more than forty years after he was originally sentenced to death. Jordan has been on death row for over forty years— longer than any other Mississippi inmate. He argues that after this length of time, execution will amount to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, and cruel or unusual punishment under Article 3, Section 28 of the Mississippi Constitution.
Courts regularly have rejected similar claims.[1] The United States Supreme Court recently rejected a petition for certiorari review of “whether execution of a condemned individual more than three-and-one-half decades after the imposition of a death sentence violates the Eighth Amendment’s prohibition against cruel and unusual punishment.”[2] We are provided no compelling argument to depart from these holdings, so we must conclude that Jordan’s Eighth Amendment claim lacks merit.
Jordan also lodges his claim under Article 3, Section 28 of the Mississippi Constitution, which prohibits cruel or unusual. Jordan argues that the forty-year delay has resulted from his sentence being reversed three times due to the State’s inappropriate conduct at trial, and that even if not cruel, the extensive delay renders his punishment unusual because no Mississippi prisoner has waited so long for the imposition of a death sentence.
While we agree that the circumstances surrounding Jordan’s pre-execution incarceration are unusual, the Mississippi Constitution prohibits unusual punishment, and the punishment Jordan asks this Court to vacate—his death sentence—is not itself unusual. Regardless of the delay, Jordan will be subjected to the same punishment as every other inmate who has been executed. So we find no merit to Jordan’s claim that his punishment violates Article 3, Section 28 of the Mississippi Constitution.
For the foregoing reasons we dismiss Jordan’s petition as moot as to claim one and deny Jordan’s petition as to claim two.
SO ORDERED, this the 13th day of June, 2017.
TO AGREE: DICKINSON AND RANDOLPH, P.JJ., COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ.
KITCHENS, J., OBJECTS WITH SEPARATE WRITTEN STATEMENT JOINED BY WALLER, C. J., AND KING, J.
KITCHENS, JUSTICE, OBJECTING TO THE ORDER WITH SEPARATE WRITTEN STATEMENT:
¶1. In view of the statutory change, I would order supplemental briefing to allow the parties the opportunity to present arguments under the new statute. I also would order supplemental briefing to allow the parties to address whether executing an inmate more than forty years after he *1254 was sentenced to death violates the prohibition on “[ejruel or unusual punishment” found in Article 3, Section 28, of the- Mississippi Constitution. Miss. Const, art. 3, § 28 (emphasis added).
WALLER, C.J., AND KING, J., JOIN THIS SEPARATE WRITTEN STATEMENT.

. See Reed v. Quarterman, 504 F.3d 465, 488 (5th Cir. 2007) (quoting White v. Johnson, 79 F.3d 432, 436-40 (5th Cir. 1996)) (" '[n]o other circuit hás found that inordinate delay in carrying out an execution violates the condemned prisoner’s eighth amendment rights.’ ”).

. Petition for Writ of Certiorari, Moore v. Texas, — U.S. —, 137 S.Ct. 1039, 197 L.Ed.2d 416 (2017) (No. 15-797).